IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DION ANTWON LAWRENCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 124-108 |
| | ) | |
| CHARLES B. WEBSTER DETENTION | ) | |
| CENTER; LT. CHEATAM; LT. ASHLEY; | ) | |
| SERGEANT CURLYER, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

On July 11, 2024, the Court granted Plaintiff, currently incarcerated at the Charles B. Webster Detention Center in Augusta, Georgia, permission to proceed *in forma pauperis* ("IFP") conditioned on his return of a Prisoner Trust Fund Account Statement and Consent to Collection of Fees form. (See doc. no. 3.) Plaintiff has returned his Consent to Collection of Fees form. (Doc. no. 6). However, the Trust Fund Account Statement filed by Plaintiff is not certified by a jail official and lacks the required supporting ledger documenting Plaintiff's account activity. (See doc. no. 5.) Enclosed with his IFP documents is a letter from Plaintiff, stating jail officials will not return the Trust Fund Account Statement he provided to them and seeking to amend the spelling of Defendants Curlyer and Cheatam's names. (See doc. no. 5-1.)

I.  **Plaintiff Must Submit a Trust Fund Account Statement with Supporting Documentation Certified by a Jail Official**

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319-20 (11th Cir. 2002). Plaintiff shall have fourteen days of the date of this Order to submit the required Prisoner Trust Fund Account Statement signed by an authorized jail official. Failure to return the required paperwork will be an election to have this case dismissed without prejudice.

To ensure that jail officials have received the Trust Fund Account Statement, the Court **DIRECTS** the **CLERK** to serve this Order on Plaintiff's custodian and to include a Prisoner Trust Fund Account Statement with that service copy. The Court is confident that jail officials will expeditiously fill out the form and return it to Plaintiff. Plaintiff must then return the Trust Fund Account Statement to the Court within fourteen days of the date of this Order.

II. **Plaintiff Must Submit an Amended Complaint**

Plaintiff filed his original complaint on July 11, 2024, though this filing was missing pages eight through ten of the standard form. (Doc. no. 1.) On July 24, 2024, the Clerk of Court received the missing three pages of the standard complaint form from Plaintiff and docketed the filing as a "Notice of Filing Missing Pages." (Doc. no. 4.) Along with his IFP paperwork, Plaintiff now submits a handwritten letter to the Court, which attempts correct the spelling of Defendants' names as Plaintiff presented them in his original complaint. (Doc. no. 5-1.) Such attempts at amending Plaintiff's original complaint are improper for two reasons.

First, Plaintiff is advised that future requests for judicial action must be provided to the Court as a properly filed motion. Plaintiff's unsigned, undated letter attached to his IFP

paperwork is not the appropriate vehicle to provide additional facts to supplement his complaint or to request additional action by the Court.[1] If Plaintiff wishes to address additional matters, he may file any necessary, properly-captioned motion with a specific request for action as permitted under the Federal Rules of Civil Procedure.

Second, Plaintiff may not amend in a piecemeal manner by submitting separate filings which purport to add or change only certain portions of a prior pleading. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). Rather, if Plaintiff intends to amend his original complaint, he must include all of his claims in one document, and he must use the standard form provided along with this Order, with no more than six handwritten pages attached for the statement of claim.[2] See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*) (affirming dismissal of case where plaintiff failed to heed pleading instructions from court to re-draft complaint to make more concise); see also London v. Ga. Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing amended complaint shall not exceed six handwritten pages). Accordingly, the Court **ORDERS** Plaintiff to amend his complaint to include all of his allegations in one document, within fourteen days of the date of this Order.

The amended complaint must be printed legibly so that the Court may discern Plaintiff's claims, and it will supersede and replace in its entirety the previous pleading filed

---

[1] See In re Unsolicited Letters to Federal Judges, 120 F. Supp. 2d 1073, 1074 (S.D. Ga. 2000) ("[I]f a litigant seeks judicial action of any sort (e.g., relief against prison officials for retaliating against an inmate for filing a civil rights case), it must be contained within a motion arising from a properly filed lawsuit. It cannot be requested in a personal *letter* to a judge." (citations omitted)).

[2] The Court **DIRECTS** the **CLERK** to attach a standard form complaint used by incarcerated *pro se* litigants in the Southern District of Georgia to Plaintiff's copy of this Order, stamped with this case number.

by Plaintiff. Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"). It must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit. Furthermore, the body of Plaintiff's amended complaint must contain sequentially numbered paragraphs containing only one act of misconduct per paragraph. The numbered paragraphs in his amended complaint should include information such as: (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; and (iv) where appropriate, the location where the alleged misconduct occurred.

While Plaintiff may attach exhibits to his amended complaint, he shall not incorporate them by reference as a means of providing the factual basis for his complaint. For example, Plaintiff should not simply state, "See attached documents." Thus, Plaintiff must name the individuals whom he seeks to include as Defendants herein in both the caption and the body of his amended complaint; he may not rely on the fact that individuals are named in the exhibits attached to his amended complaint as a means of including such persons as defendants to this lawsuit. The Court will not independently examine exhibits that Plaintiff does not specifically reference (by the exhibit's page number) in his amended complaint.

Plaintiff is further cautioned that no portion of any prior pleading shall be incorporated into his amended complaint by reference. Moreover, Plaintiff shall submit only one amended complaint in accordance with the terms of this Order. Therefore, within fourteen days of the undersigned date, Plaintiff shall state in the single amended complaint filed in accordance with

4

the terms of this Order all claims that he wishes the Court to consider as a basis for awarding the relief sought.

SO ORDERED this 31st day of July, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA