IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

DION ANTWON LAWRENCE,          )
                               )
            Plaintiff,         )
                               )
      v.                       )          CV 124-108
                               )
CHARLES B. WEBSTER DETENTION   )
CENTER; LT. CHEATHAM; LT. ASHLEY; )
and SERGEANT CUYLER,           )
                               )
            Defendants.[1]     )

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Plaintiff, detained at Charles B. Webster Detention Center in Augusta, Georgia, has

submitted to the Court for filing an amended complaint brought pursuant to 42 U.S.C. § 1983.

He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's

amended complaint must be screened to protect potential defendants. Phillips v. Mashburn,

746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736

(11th Cir. 2006) (*per curiam*).

I.     **SCREENING THE AMENDED COMPLAINT**

A.     **BACKGROUND**

In his amended complaint, Plaintiff names the following Defendants in their individual

and official capacities: (1) Charles B. Webster Detention Center ("CBWDC"), (2) Lt.

_____

[1] The Court **DIRECTS** the **CLERK** to correct the spelling of Defendants Cheatham and Cuyler's names on the docket in accordance with the above caption, which is consistent with Plaintiff's amended complaint. (See doc. no. 15, pp. 1-3.)

Cheatham, (3) Lt. Ashley, and (4) Sergeant Cuyler.  (Doc. no. 15, pp. 2-3.)  Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

While detained at CBWDC, Plaintiff informed Lt. Cheatham and Sergeant Cuyler that a group of inmates was going to kill him.  (Id. at 4.)  Despite this warning, Lt. Cheatham and Sergeant Cuyler placed Plaintiff in F-Pod, the same dorm as that group of inmates.  (Id.)  Lt. Cheatham and Sergeant Cuyler also hung up on plaintiff's girlfriend when she advocated for Plaintiff's placement in a dorm where he would be safe.  (Id.)  On July 29th, 2023, between 2:30 and 3:30 PM, the group of inmates set a fire in the dorm to "get to" Plaintiff.  (Id.)  Plaintiff warned Lt. Ashley that the group of inmates only set the fire to get to Plaintiff, but Lt. Ashley required Plaintiff to evacuate to the yard with the group of inmates anyway.  (Id.)  In the yard, plaintiff was stabbed multiple times in his head, neck, and arm by inmate Crawford.  (Id. at 5.)  As a result of his stab wounds, Plaintiff nearly lost his life and required emergency surgery to restore blood flow to his brain.  (Id.)

For relief, Plaintiff requests monetary damages and "free my charges."  (Id. at 5.)

**B.    DISCUSSION**

### 1.    Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490

(11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## 2. Charles B. Webster Detention Center Is Not Subject to Liability in a § 1983 Suit

Plaintiff fails to state a claim against CBWDC because county jails are not subject to liability under § 1983. See, e.g., Smith v. Chatham Cnty. Sheriff's Dep't, No. CV 412-224, 2012 WL 5463898, at *2 (S.D. Ga. Oct. 22, 2012) ("[T]he [county jail] is not a legal entity capable of

3

being sued."), *adopted by* 2012 WL 5463762 (S.D. Ga. Nov. 8, 2012); <u>Sebastian v. Maynard</u>, No. 5:10-CV-221, 2010 WL 3395040, at *2 (M.D. Ga. July 12, 2010) ("The Lamar County Detention Center is not a legal entity that is subject to suit under 42 U.S.C. § 1983."), *adopted by* 2010 WL 3395154 (M.D. Ga. Aug. 21, 2010); <u>Bolden v. Gwinnett Cnty. Det. Ctr. Med. Admin. Med. Doctors & Staff</u>, No. 1:09-CV-1966, 2009 WL 2496655, at *1 (N.D. Ga. Aug. 12, 2009) ("Jails, like the Gwinnett County Detention Center, are not legal entities subject to suit under § 1983 at all.").   Appropriate parties for suit under § 1983 include "persons" who participated in the alleged violation.  <u>See</u> 42 U.S.C. § 1983; <u>see also</u> <u>Georgia Insurers Insolvency Pool v. Elbert County</u>, 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue" (quotations omitted)).

Thus, Plaintiff fails to state a claim upon which relief can be granted against CBWDC.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant Charles B. Webster Detention Center be **DISMISSED** for failure to state a claim upon which relief may be granted.  By separate Order, the Court directs service of process on Defendants Cheatham, Cuyler, and Ashley based upon Plaintiff's allegations of failure to protect.

SO REPORTED and RECOMMENDED this 10th day of January, 2025, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA